NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FENG HE,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 15-72050

Agency No.
A205-176-877

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2025**
Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Feng He, a native and citizen of the People's Republic of China, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of an Immigration Judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture. The BIA

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this petition is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissed Petitioner's appeal on credibility grounds alone, finding no clear error in the IJ's adverse credibility determination. Petitioner challenges the adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review.

We review the BIA's legal conclusions de novo, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and we review its factual findings for substantial evidence, *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We must uphold the BIA's determination "unless the record compels a contrary conclusion." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020). "Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). "In so doing, we review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.* (quoting *Lai*, 773 F.3d at 970).

Under the REAL ID Act, credibility determinations are made and reviewed "based on the 'totality of the circumstances[,] and all relevant factors,' not a single factor." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8

U.S.C. § 1158(b)(1)(B)(iii)). "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination . . . ." *Id.* at 1137. "[P]etitioners carry a substantial burden to convince us to overturn a Board decision denying relief on credibility grounds, particularly when the Board has adopted multiple bases for its adverse credibility determination." *Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021).

In affirming the IJ's adverse credibility determination, the BIA focused on four issues: Petitioner's household register, demeanor, implausibility, and testimony regarding her IUD.

The BIA noted various inconsistencies between Petitioner's testimony and her household register, including her education level and place of birth. Petitioner asserts that these errors do not go to the heart of her claim and that it was government officials who made the errors. But under the REAL ID Act, inconsistencies need not go to the "heart of the claim." *Alam*, 11 F.4th at 1135–36. And Petitioner's explanation does not compel us to conclude the BIA erred. *See Dong*, 50 F.4th at 1300 ("Although one suspect document is unlikely to constitute substantial evidence of adverse credibility on its own, under the totality of the circumstances, the BIA reasonably concluded that it supported the IJ's credibility determination.").

The BIA pinpointed two instances when Petitioner's hesitation before

answering questions detracted from her credibility: (1) when she was asked how far along she was in her pregnancy at the time of her first abortion; and (2) when she was asked at what age she married, and revealed that she was too young to marry at the time. We give "substantial weight" to the IJ's "[c]redibility determinations based on demeanor." *Id.* at 1298. In making these determinations, the IJ did not cherry-pick arbitrary pauses by Petitioner but rather expressed "concern[]" that Petitioner was providing "rapid and precise answers" to questions about information in her asylum statement but hesitating when asked about information "off her statement." Petitioner responds she was nervous, but this response does not compel a contrary conclusion.

The IJ also identified implausible elements of Petitioner's testimony. Petitioner initially testified that she failed to obtain a marriage certificate because the marriage certificate officials sent her for a physical examination, which revealed she was pregnant out of wedlock. Only later did Petitioner hesitantly disclose that she was too young to marry at that time regardless. Petitioner also later revealed that she had a government acquaintance who could obtain illegal marriage certificates. The IJ found it implausible that the marriage certificate officials would send Petitioner for medical tests when, as revealed by Petitioner's later testimony, she was not even of the legal age to marry. The IJ further found it implausible that an underaged Petitioner would attempt to obtain a marriage

15-72050

license through the family planning office when she had a government friend who could have obtained the license for her. Petitioner responds that she does not know why government officials sent her for medical tests and that the IJ merely speculated about her government friend's ability to help. But those responses again do not compel us to reach a contrary conclusion.

Last, Petitioner gave muddled testimony about when she had an IUD. Petitioner asserts she was nervous and does not know when the IUD fell out, leading to inconsistent testimony. This explanation, however, does not compel us to reverse findings by the BIA and IJ.

Under the totality of the circumstances, substantial evidence supports an adverse credibility determination.

**PETITION FOR REVIEW DENIED.**